No. 40,421

ROYALTY HOLDING Co., a Corporation, and GULF COAST WESTERN OIL Co., a Corporation, *Appellants,* v. H. U. GERBER, BENJAMIN DENMAN, LILLIAN SHAW and PANHANDLE EASTERN PIPE LINE Co., a Corporation, *Appellees.*

(308 P. 2d 108)

Opinion filed March 9, 1957.

*Wayne B. Snow,* of Oklahoma City, Oklahoma, argued the cause, and *Raymond Gates,* of Elkhart, and *L. M. Cornish, Jr.,* of Topeka, were with him on the briefs for the appellants.

*Joe W. Whitten,* of Oklahoma City, Oklahoma, argued the cause, and *Charles M. Vance,* of Liberal, was with him on the briefs for appellees H. U. Gerber and Lillian Shaw.

*C. R. Kirkbride,* of Kansas City, Missouri, argued the cause, and *Sam Riggs,* of Liberal, was with him on the briefs for appellee Panhandle Eastern Pipe Line Co.

The opinion of the court was delivered by

WERTZ, J.: This was an action to quiet title. The trial court rendered judgment for defendants, and plaintiffs appeal.

Appellants Royalty Holding Co. and Gulf Coast Western Oil Co. will be hereafter referred to as plaintiffs, and appellees H. U. Gerber, Benjamin Denman and Lillian Shaw, as defendants, or Gerber, Denman and Shaw. There being no controversy between the parties as to the leasehold interest of appellee Panhandle Eastern Pipe Line Co., it will be mentioned only when necessary in the chain of title.

Plaintiffs' petition, filed April 1, 1955, in substance, alleged that the Royalty Holding Co. and Gulf Coast Western Oil Co. were in possession of and legal owners of an undivided $\frac{13}{32}$, and an undivided $\frac{1}{32}$ interest, respectively, in the minerals in the property in question; that defendant Gerber owned an undivided mineral interest, and Denman was the owner of the surface, and that he and Shaw claimed some interest in the minerals, the exact nature being unknown to plaintiffs, and asked that title be quieted in plaintiffs as to their aforementioned interests.

In his answer, Gerber alleged that the mineral interests of the plaintiffs, if any, in the land were foreclosed and barred by a good and valid judgment entered February 10, 1947, from which judgment no appeal was taken, and that he and Shaw each were owners of an undivided one-fourth mineral interest in the land. Denman answered, alleging that he was the owner of the surface, in fee, and an undivided one-half interest in the minerals thereunder as a successor in title to Gerber. Defendant Shaw answered, alleging that she was the owner of an undivided one-fourth interest in the minerals in the land in question, and that any interests the plaintiffs might have had in such land were foreclosed and barred on February 10, 1947, by a decree of the district court of Morton County.

Plaintiffs replied to the respective answers, denying that the foreclosure proceedings barred any of their rights to the minerals in question. On the issues joined, the case proceeded to trial on the facts as stipulated between the parties.

The pertinent facts necessary for determination of the issues

involved may be summarized as follows: Prior to and on June 1, 1934, defendant H. U. Gerber and his wife were the owners in fee of the surface, and one-half of the minerals in the land in question, and plaintiffs and their predecessors in title were the owners of an undivided $14/32$ interest in the minerals. On the mentioned date, Gerber and his wife executed a mortgage to the Federal Land Bank of Wichita, covering the land in question, to secure their promissory note of the same date. On October 17, 1946, before maturity and for a valuable consideration, the Federal Land Bank assigned the note and mortgage to defendant's son, Lynn Gerber. Defendant H. U. Gerber defaulted in his payments and the amount was declared due and payable by Lynn. On November 12, 1946, he filed a petition in the district court of Morton County against H. U. Gerber and his wife and naming, among other defendants, the Royalty Holding Co., and Farmers Mutual Royalty Syndicate, predecessor in title to Gulf Coast Western Oil Co., plaintiffs herein, asking that the mortgage be foreclosed, and included in said petition an action to quiet title against defendants Gerber, Royalty Holding Co. and Farmers Mutual Royalty Syndicate, alleging that plaintiff Lynn Gerber's mortgage be declared a first and prior lien on the real estate, and that defendants and each of them, and all persons claiming through them, be barred and foreclosed of all rights and interests in the property in question, and that title to the property be quieted in plaintiff Lynn Gerber. Service was had on the defendants in that action, which included the plaintiffs in this action, and judgment was rendered on February 10, 1947, foreclosing Lynn Gerber's mortgage against H. U. Gerber and his wife. Judgment was also entered quieting title in Lynn Gerber, and forever barring and excluding the Royalty Holding Co., and Farmers Mutual Royalty Syndicate, predecessor in title to Gulf Coast Western Oil Co., from any right, title or interest in and to the property in question. The property was sold at sheriff's sale to Lynn Gerber to satisfy the judgment, and the sale was confirmed by the court. A sheriff's deed was subsequently executed to him on November 12, 1948. The following day, Lynn Gerber executed a deed conveying the real estate to H. U. Gerber. By subsequent conveyances, defendant Denman became a successor in title to Gerber of the surface, and a one-half interest in the minerals, and Lillian Shaw became a successor in title to Gerber of one-fourth interest in the minerals.

After making findings of fact, the trial court concluded as a matter of law that defendants Denman, Gerber and Shaw were the owners in fee of the property in question in the following interests and proportions: Denman, the surface and an undivided one-half interest in the minerals; Shaw, an undivided one-fourth interest in the minerals, and Gerber an undivided one-fourth interest in the minerals, subject only to the oil and gas leasehold interest of Panhandle Eastern Pipe Line Co. The trial court further ordered that the title of defendants in and to the real estate in question be forever quieted against any pretended title, interest or claim of plaintiffs, and entered judgment accordingly, from which order plaintiffs appeal.

Plaintiffs contend that when defendant Gerber received the deed of conveyance from his son, Lynn, grantee in the sheriff's deed, such conveyance amounted to a redemption of the property by defendant and inured to the benefit of plaintiffs as cotenants.

To sustain their contention, plaintiffs rely on the rule that if a cotenant in possession purchases the common property, either directly or indirectly, at a judicial sale, the purchase will be deemed to have been made for the benefit of all cotenants, and rely on *Hayden v. Hughes,* 147 Kan. 511, 77 P. 2d 938, and other similar authorities cited in their brief. However, the rule in the cases cited has no application to the facts in the instant case.

Judgment in the foreclosure suit and quiet title action was duly entered on February 10, 1947. The mortgage given by H. U. Gerber was foreclosed, and judgment was entered forever barring and excluding the plaintiffs in this action from any right, title or interest in and to the minerals in the land in question. The property was ordered sold to satisfy the judgment in that action. Sale was made, duly confirmed, and sheriff's deed was issued to Lynn Gerber. No appeal was taken from the judgment entered in that action, and it became a valid and binding judgment upon the plaintiffs in this action. Plaintiffs took no action to set aside that judgment, nor do they now attack the validity of it. Plaintiffs did not commence the instant action to quiet title until April 1, 1955. It is not alleged and there is no evidence in the record which indicates that Lynn Gerber was acting for anyone but himself in bidding in the property at the sheriff's sale, or that there was any understanding or agreement whatsoever with H. U. Gerber that title to such property was to be reconveyed at any time after Lynn acquired it. When he purchased

the property in question at the sheriff's sale, received the sheriff's deed, and filed the same for record, he became vested with a fee simple title to all the real estate in question, and the mineral interest of plaintiffs in the property terminated, and ceased to have any further force and effect. Therefore, the cotenancy which existed between plaintiffs and defendant Gerber was cut off when Lynn purchased the property and received the sheriff's deed. (*Schultz v. Cities Service Oil Co.*, 149 Kan. 148, 86 P. 2d 533.) Since the cotenancy was dissolved, there was nothing which forbade defendant Gerber from acquiring title from his son to the entire property under the facts in this case.

A contention similar to that made by plaintiffs was made in the case of *Pease v. Snyder*, 169 Kan. 628, 220 P. 2d 151, and the same authorities relied upon to sustain plaintiffs' contention were relied upon therein. Those authorities were reviewed and thoroughly discussed, and we stated:

"When, without collusion, a third person purchases real estate at a judicial sale for taxes the execution of a sheriff's deed to that property followed by the filing of such deed for record in the office of the register of deeds vests a fee simple title in the grantee named in the deed and terminates the rights of persons theretofore having any right, title, or interest therein. Thereafter, notwithstanding the general rule that a redemption from a judicial or foreclosure sale of the common property by one tenant in common inures to the benefit of all of the cotenants, if the holder of such title conveys the property to one who formerly had an interest therein as a cotenant the latter takes a good title as against his erstwhile cotenants, since the acquisition of title by such third person operates to terminate the cotenancy."

We adhere to the above rule.

In view of what has been said, the deed executed by Lynn Gerber to defendant Gerber vested in him a fee simple title to the property in question, free from any interest of plaintiffs herein.

The judgment of the trial court is affirmed.